NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 09-1371
_____

UNITED STATES OF AMERICA

v.

FRANKLIN ROBINSON, AKA Michael Tucker, AKA Silk, AKA Silky Red

Franklin Robinson, Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal No. 1-05-cr-00443-001)
District Judge:  The Honorable Yvette Kane
_____

Submitted Under Third Circuit LAR 34.1(a)
April 25, 2011

BEFORE:  BARRY, HARDIMAN, and NYGAARD, Circuit Judges.

(Filed: July 8, 2011)

_____

OPINION OF THE COURT
_____

NYGAARD, Circuit Judge

    Franklin Robinson pleaded guilty to conspiracy to engage in interstate

transportation with intent to conduct prostitution, coercing and enticing individuals to

travel in interstate commerce to engage in prostitution, and interstate travel with intent to distribute proceeds of prostitution, in violation of 18 U.S.C. §§ 371, 2421, 2422(a), and 1952(a). He also pleaded guilty to a separate count of coercing and enticing individuals to travel in interstate commerce for prostitution, in violation of 18 U.S.C. § 2422(a). The District Court sentenced Robinson to the statutory maximum of 25 years of imprisonment, supervised release for life, a fine of $1,500, and special assessments of $100 for each count.[1]

Quoting Robinson's brief, he raises the following issues on appeal.

> Issue I: Whether it is a violation of due process and the Sixth Amendment for the court to make findings of fact concerning the Guidelines by preponderance of the evidence where those findings form the basis for a drastically increased sentence.

> Issue II: Whether with regard to the numerous Guidelines enhancements found by the District Court, it applied the wrong legal standard, it failed to make sufficient findings of fact to permit this court to review many of its conclusions, and it clearly erred in others of its conclusions.

Appellant's Brief, p. 3. We will affirm.

It is well settled that, where a sentence falls within the statutory maximum, a district court's evidentiary findings relating to the advisory Guidelines are made using a preponderance of the evidence standard. *United States v. Grier*, 475 F.3d 556, 568 (3d Cir. 2007). Therefore, the District Court did not err.

Next, Robinson asserts that the District Court erred by failing to make sufficient findings of fact to support a base offense level calculated by using U.S. Sentencing

---

[1] The District Court also sentenced Robinson to three years of supervised release, served concurrently.

Guidelines Manual § 2G1.3 (2007), with cross-reference to section 2A3.1. He generally seeks to separate brutal acts against prostituted victims from an intent to prostitute them. His argument is meritless. Robinson and others in the conspiracy—to which he pleaded guilty—engaged in both coercive and physically brutal conduct to create an environment of fear and manipulation that forced juveniles and young women to prostitute. Moreover, the use of violence and intimidation by the pimps in the conspiracy was pervasive. Given Robinson's own conduct, and his regular interaction with his co-conspirator "pimp partners," we find no merit in his assertions that these acts of the co-conspirators were not foreseeable. Accordingly, there is no error in the District Court's conclusion that section 2G1.3 and the cross reference to section 2A3.1 were applicable.

Robinson also avers that the vulnerable victim enhancements (sections 3A1.1(b)(1) and (b)(2)) are not supported by the record. The co-conspirators targeted helpless girls for prostitution, including a twelve year-old girl, a minor with a cognitive impairment, and numerous minors who were homeless and/or from troubled personal and familial circumstances. These conditions were not incidental to the victimization. Moreover, the District Court found that the conspiracy had prostituted over forty juveniles. This record provides sufficient evidence to support the District Court's application of the enhancements for vulnerable victims and for a large number of vulnerable victims.

We regard Robinson's appeal of the serious bodily injury enhancement (section 2A3.1(b)(4)(B)) as meritless. Robinson, himself, severely beat victims that he prostituted. Additionally, the co-conspirators' use of violence against the victimized

3

juvenile girls and young women was pervasive, resulting in fractures, deep lacerations and concussions. As a result, we conclude that the District Court properly applied this enhancement.[2]

Robinson's challenge to the District Court's application of the enhancement for obstruction of justice (section 3C1.1) is equally meritless. The record indicates that Robinson participated in a scheme to prevent a victim from testifying against a fellow pimp. The District Court did not err.

Finally, with regard to Robinson's appeal of the leader/organizer enhancement (section 3B1.1(a)), the record provides evidence that Robinson coached at least one other co-conspirator/pimp in this large, multi-state operation. The District Court properly applied this enhancement.

For all of these reasons, we will affirm the judgment of sentence of the District Court.

---

[2] We reject Robinson's assertion that the District Court double counted conduct used as a basis for the cross-reference to apply the serious bodily injury enhancement. The conduct that supported the enhancement was separate from the criminal sexual abuse that supported the cross-reference.

4